IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAX M. MALONEY, | ) |
|         Plaintiff, | ) |
| vs. | )   CIVIL NO. 05-719-WDS |
| PINCKNEYVILLE CORRECTIONAL CENTER, DR. SHEPARD, DR. CULLINAN, CHRISTINA BROWN, NURSE GALE, NURSE COLE and NURSE MELVIN, | ) |
|         Defendants. | ) |

### MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is legally frivolous and thus subject to summary dismissal.

Plaintiff states that he suffers from non-seasonal allergies, although he does not identify the cause of these allergies. When he was incarcerated at other institutions, he received a regular prescription to treat his allergies. At some point after he arrived at Pinckneyville, Defendant Cullinan told Plaintiff that he was going to discontinue his prescription, advising him that long-term use of that medication could be detrimental to his health. Plaintiff disagrees with Cullinan's opinion, and he claims that he has not been provided with a sufficient alternative medication or remedy to treat these allergies.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)

> ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

In this case, the allegations against Cullinan are simply a disagreement over the proper method to treat Plaintiff's allergies; such allegations do not rise to the level of deliberate indifference. As for the remaining Defendants, the vague allegations against them involve either their collective deferment to Cullinan's decision or simply their actions taken to follow Cullinan's medical orders. Again, such allegations hardly suggest that Defendants were deliberately indifferent to Plaintiff's serious medical needs.

Plaintiff also complains about the $2.00 medical co-payment plan in the Illinois Department of Corrections. However, courts have consistently held that such a co-payment plan is not unconstitutional. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Shapley v. Nevada Bd. of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir. 1985) (nothing *per se* unconstitutional about charging an inmate $3 for every medical visit; such a charge, by itself, did not constitute deliberate indifference under *Estelle*); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 150-52 (S.D.Ind. 1996) (prisoner co-payment plan does not violate the Eighth Amendment); *Martin v. DeBruyn*, 880 F.Supp. 610, 615 (N.D.Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care). Therefore, Plaintiff has no constitutional claim regarding this $2.00 charge.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: July 18, 2006.**

*s/ WILLIAM D. STIEHL*
**DISTRICT JUDGE**